MORALES, PETITIONER AND APPELLANT, v. ROMEU, CONTESTANT
AND APPELLEE.

APPEAL from the District Court of Mayagüez in a Proceeding
for Designation of Heirs.

No. 1819.—Decided January 14, 1919.

FILIATION—HEIRS—EVIDENCE.—The appellee offered in evidence, without objec-
tion, a judgment of a competent court declaring him to be such legitimate·
son as he claimed to be, and the appellant had an opportunity then to op--
pose its admission but did not. *Held:* That as said judgment was not at-
tacked, either directly or at the trial. it was binding upon all the parties to·
this proceeding, and that it is the law of this case that the appellee was.
the half-brother of the intestate and therefore his heir.

ID.—ID.—As the appellee was proved to be an heir of the intestate, the appel·
lant, as heir of the widow of the intestate, had no right to attack the judg·
ment appealed from.

ID. — ID. — ATTORNEY FEES. — The appellant filed a double petition, a part of
which prevailed, and he was not entirely without justification in believing
that he had a claim on the estate of the intestate; therefore there was no
great degree of blame on his part, and the attorney fees should not be im·
posed upon him.

The facts are stated in the opinion.

*Mr. Luis Montalvo Guenard* for the appellant.

*Mr. Angel A. Vázquez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant, Pedro Enrique Morales y Garcés, presented
a petition to the District Court of Mayagüez, asking that
Aurora María Morales y Garcés, widow, be declared to be
the only heir of José Romeu y Giacomaggi, her husband,
and that the petitioner and others be declared to be the sole
heirs of the said Aurora Morales y Garcés. In other words,
the petitioner and others wanted their heirship of the widow
declared and then, in representation of her, that she be de-
clared the heir of another person.

In response to edicts, the appellee appeared in court and
maintained that he and certain other relatives were the heirs
of the half blood of José Romeu y Giacomaggi.

The case went on to trial. The appellee appeared and

presented proof, but the appellant made no appearance at such hearing and presented no proof.

The court rendered judgment declaring appellee and his relatives to be the heirs of José Romeu y Giacomaggi, and also declaring the petitioner and others to be the heirs of Aurora María Morales y Garcés.

One of the principal contentions of the appellant is that neither the appellee nor any of his said relatives had their status recorded in the civil registry, and hence that it was necessary for them to begin an action of filiation, even if they were all legitimate children. Appellant concedes that at the trial the appellee, Francisco Romeu Rivera, offered in evidence a suit of filiation wherein he was declared to be the legitimate son of his father, the latter being also the father of José Romeu y Giacomaggi, whose estate and property are in question here. Hence said Francisco Romeu would be a half brother of said José Romeu. Appellant maintains, however, in effect that the suit was a compromise effected between Francisco Romeu and his sisters, who were named as defendants in said filiation suit. Appellant insists that such filiation suit and judgment, in these circumstances, can not be binding on anyone, as the said sisters and defendants had no civil status. In other words, there was no record in their favor in the civil registry.

One thing stands out prominently, and that is that the appellee offered in evidence, without objection, a judgment of a competent court declaring him to be the legitimate child he claimed to be. Such judgment was being offered at another solemn trial, at which appellants had an opportunity to appear and oppose the admission of said judgment. Such objection might or might not have prevailed. It is unnecessary to decide that question. But while such judgment remained unattacked, either directly or at the trial, it was binding on all the parties to this proceeding. It is the law of

this case that Francisco Romeu was the half brother of José Romeu y Giacomaggi and hence the heir of the latter.

As Francisco Romeu was proved in this proceeding to be an heir of José Romeu, the appellant, as heir of the widow, has no further interest or right to attack the judgment of the District Court of Mayagüez. Whether the relatives of Francisco Romeu were entitled to be declared heirs along with him, concerns him and not the appellant. In the absence of a status in favor of the relatives of Francisco Romeu, he alone would be entitled to the heirship.

Hence it becomes unnecessary to decide, and the matter was not raised in the court below, whether the heirship of the relatives of Francisco Romeu could be proved by oral testimony, as was attempted to be done at the trial in this case.

We shall not decide in this appeal whether a person may present a petition for a declaration of heirship without having his status recorded in the civil registry, as we are not satisfied with the argument in the case.

There are other errors treated in the brief of appellant, but there is no assignment of errors and we regard them as unimportant, with the exception of the one relating to costs and counsel fees. The appellant presented a double petition, part of which prevailed, and he was, moreover, not entirely without justification in believing that he had a claim on the estate of José Romeu y Giacomaggi. Under all the circumstances we find no great degree of blame against him, and hence we think counsel fees should not be awarded.

The judgment must be affirmed, but without counsel fees.

*Modified and affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.